405 A.2d 934

**COMMONWEALTH of Pennsylvania**

v.

**Leroy FLAGG, Appellant.**

Superior Court of Pennsylvania.

Submitted May 7, 1979.

Decided June 5, 1979.

Robert F. Pappano, Assistant Public Defender, Media, for appellant.

Thomas M. Regan, Assistant District Attorney, Media, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

ROBERTS, Justice:

On August 5, 1976, a jury convicted appellant, Leroy Flagg, of murder of the third degree. After denying post verdict motions, the trial court sentenced appellant to a term of imprisonment of 7½ to 15 years. Appellant seeks a new trial on the ground that the trial court did not expressly instruct the jury that where, as here, self defense is in issue, the Commonwealth has the burden of proving beyond a reasonable doubt that the accused did not act in self defense. We agree and reverse the judgment of sentence.[1]

On October 18, 1975, the victim, Floyd Patterson, known to appellant as the holder of a black belt in karate, a martial art, was eating dinner in the basement of the

---

* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania and Judge Abraham H. Lipez of the Court of Common Pleas, Clinton County, Pennsylvania, are sitting by designation.

1. In view of our disposition, we do not reach the other issues appellant raises: (1) that the court erred by implying to the jury that the Commonwealth magnanimously agreed not to seek the death penalty upon a verdict of guilty of murder of the first degree; (2) the court unconstitutionally shifted the burden of proof to the defense by instructing the jury that use of a deadly weapon on a vital part of the

residence of appellant's former girl friend, Denise Whitsett. Appellant entered the home about 2:30 A.M., forced his way past Whitsett, who told him to leave the house, and entered the basement. Whitsett followed him and heard appellant say, "Karate man, what's happening?" Patterson replied, "You got it." Appellant stated, "No, you got it." Whitsett then left the basement and moments later heard four gunshots. Appellant fled the house, drove home and buried the revolver with which Patterson was killed. Appellant testified that when he said, "Karate man, what's happening?", Patterson said "You got it," jumped up and struck him in the neck with a karate chop, knocking him to the floor. Patterson began kicking appellant. Appellant's gun fell out of his pocket, he grabbed it, fired one shot to deter Patterson, then shot Patterson three more times when the kicking continued.

At the conclusion of trial, appellant submitted points for charge to the jury. Point No. 8 provided:

"When, as in this case, some evidence of self defense is offered by the accused, the prosecution must then prove beyond a reasonable doubt that the accused did not act in self defense. The accused, in other words, has no burden to prove that he acted in self defense; if the evidence has created a reasonable doubt that the accused did not act in self defense, you must find him not guilty."

body raises a presumption of fact of intent to kill and an inference of malice; (3) the court erroneously refused points for charge covering appellant's ability to retreat, his belief as to the necessity to use deadly force and the danger of serious bodily injury; (4) the court's summary of the evidence was unduly favorable to the Commonwealth; (5) the court did not properly charge on manslaughter or distinguish it from murder; (6) the court failed to instruct the jury that a black belt in martial arts is a weapon; and (7) the court during the charge to the jury prejudicially pointed its finger repeatedly at appellant.

Appellant also seeks discharge on the grounds that the evidence was insufficient to sustain the verdict and the Commonwealth did not bring him to trial within the 180 day period of Pa.R.Crim.P. 1100. We find the evidence sufficient to sustain the verdict. At a pretrial hearing, appellant, with counsel present, waived his right to be brought to trial within the 180 period of Rule 1100. He therefore cannot assert a violation of Rule 1100.

The trial court refused this point for charge. In its charge, the court instructed the jury several times that the Commonwealth always had the burden of proving the guilt of the accused beyond a reasonable doubt. It also defined the elements of the defense of self defense. Nowhere in the charge, however, did the court expressly inform the jury that to meet its burden of proof, the prosecution must exclude self-defense beyond a reasonable doubt. This omission could have confused the jurors, leading them to believe that the obligation of establishing self-defense rested upon appellant. See *Commonwealth v. Heatherington*, 477 Pa. 562, 385 A.2d 338 (1978) (trial court failed to instruct that prosecution must disprove self defense beyond reasonable doubt); compare *Commonwealth v. Brightwell*, 479 Pa. 541, 388 A.2d 1063 (1978) (correct instruction on self defense sufficient even though court at one point incorrectly placed burden on accused) with *Commonwealth v. Lesher*, 473 Pa. 141, 373 A.2d 1088 (1977) (no correct instruction on self defense required reversal).

Appellant's testimony, if believed, could have justified a finding that he acted in self defense. The error of the trial court may have contributed to the verdict. The error, therefore, is not harmless. See *Commonwealth v. Story*, 476 Pa. 391, 409, 383 A.2d 155, 164 (1978).

Judgment of sentence reversed and new trial ordered.