405 A.2d 952

**COMMONWEALTH of Pennsylvania**

v.

**Bruno Joseph ROSETTA, Appellant.**

Superior Court of Pennsylvania.

Submitted May 7, 1979.

Decided June 5, 1979.

544

Francis R. Lord, Media, for appellant.

D. Michael Emuryan, Deputy District Attorney, Media, for Com., appellee.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

PER CURIAM:

On December 15, 1975, a jury convicted appellant, Bruno Rosetta, of voluntary manslaughter and acquitted him of one charge of murder and one charge of crimes committed with firearms. On August 15, 1977, the trial court denied appellant's post verdict motions and imposed a sentence of imprisonment of 3 to 10 years and payment of costs.

Appellant asserts that the trial court erroneously failed to instruct the jury that his codefendant was an accomplice whose testimony was corrupt and therefore could not be relied upon unless corroborated. We find that the

* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania and Judge Abraham H. Lipez of the Court of Common Pleas of Clinton County, Pennsylvania, are sitting by designation.

trial court correctly left to the jury the determination whether the witness was an accomplice and properly instructed the jury concerning the value of testimony from an accomplice. See *Commonwealth v. Sisak*, 436 Pa. 262, 259 A.2d 428 (1969).

■ Appellant next argues that the trial court erred in excluding certain evidence of specific instances of past violent acts of the victim bearing on the defense of self-defense. The court permitted admission of other extensive evidence for the same purpose. We therefore find that the trial court did not abuse its discretion in this matter. *Commonwealth v. Amos*, 445 Pa. 297, 284 A.2d 748 (1971); see *Commonwealth v. Horne*, 479 Pa. 496, 388 A.2d 1040 (1978); *Commonwealth v. Mennyweather*, 458 Pa. 12, 329 A.2d 493 (1974).

■ Finally, appellant contends that the trial court "caused" the jury to return inconsistent verdicts by failing to instruct on the weapons offense. Contrary to appellant's assertion, the trial court correctly instructed the jury concerning the weapons offense. Assuming that the jury, properly instructed, nonetheless returned an inconsistent verdict, appellant is still not entitled to a new trial. *Commonwealth v. Carter*, 444 Pa. 405, 282 A.2d 375 (1971).

Judgment of sentence affirmed.