421 A.2d 1135

**COMMONWEALTH of Pennsylvania**

v.

**Michael Howard PARKS, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Aug. 15, 1980.

Charles M. J. Nester, West Chester, for appellant.

William H. Lamb, District Attorney, West Chester, for Commonwealth, appellee.

Before WICKERSHAM, BROSKY and EAGEN, JJ.*

PER CURIAM:

Appellant, Michael Howard Parks, was found guilty by a jury of recklessly endangering another person.[1] Motions for a new trial and in arrest of judgment were filed and denied. Following this an order directing Parks to pay the costs of prosecution, to reimburse the victim for hospital expenses, and to serve a period of probation was filed.

The prosecution against Parks arose out of an incident which occurred in the City of Coatesville in Chester County. In the early morning hours of June 9, 1977, the victim, Dennis Blake O'Donnell, was beaten by Parks in a park not far from the Coatesville Police Station. Parks approached the victim and demanded money. O'Donnell told Parks that he had little money. Parks then put his hand into the victim's pocket.

The victim, who requires a cane to walk, testified that he resisted Parks by striking him with his cane. Parks then

---

\* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania, is sitting by designation.

1. 18 Pa.C.S.A. § 2705.

took the cane and struck the victim with it. The blow knocked the victim to the ground and, while the victim was on the ground, Parks continued to beat him. The victim suffered bruises, a broken finger, and required four stitches for a cut on his forehead.

The victim has only one functional arm and requires his cane to walk. Once he was on the ground, the victim was unable to get up and, as a consequence, was required to crawl one and one–half blocks to the Coatesville Police Station for assistance. Additionally, Parks and the victim had known each other for approximately two or three years.

■ Parks first contends the trial court erred in not sustaining his objection to the introduction of a particular photograph into evidence. Parks argues the photograph was inflammatory and merely cumulative to the testimony of the victim as to the wounds inflicted.

Generally, evidence is admissible if it is relevant and competent; this basic rule applies to the admission of photographs as well as other types of demonstrative evidence. *Commonwealth v. Batty*, 482 Pa. 173, 393 A.2d 435 (1978). However, the admission of photographs is largely within the sound discretion of the trial court, and its ruling will not be overturned on appeal unless there is an abuse of that discretion. *Commonwealth v. Woodward*, 483 Pa. 1, 394 A.2d 508 (1978); *Commonwealth v. Batty*, supra. Therefore, we must determine whether the trial judge abused its discretion in allowing the photograph in question into evidence.

Parks argues the photograph was offered into evidence for the purpose of inflaming the minds of the jurors. However, after viewing the photograph in question, we conclude this contention is meritless. The photograph depicts the victim sitting up with his shirt removed. Only the right shoulder and upper back are visible. The shoulder itself is bruised and indicates only discoloration. There is no blood, scar, or disfigurement visible. The photograph is clearly not inflammatory, and no abuse of discretion on the part of the trial court is indicated.

42

Parks next contends the trial court erred in refusing to instruct the jury as requested in his points for change. Specifically, Parks argues the refusal of five submitted points for charge was reversible error.

■ Trial courts are not required to accept the points submitted by a defendant verbatim. The court is free to use its own form of expression. *Commonwealth v. Perkins*, 473 Pa. 116, 373 A.2d 1076 (1977). The only requirement is that the substance of the requested points that are applicable be adequately and accurately presented to the jury. *Commonwealth v. McComb*, 462 Pa. 504, 341 A.2d 496 (1975). In deciding whether this requirement has been met, the charge to the jury is to be read as a whole. *Commonwealth v. Butler*, 442 Pa. 30, 272 A.2d 916 (1971).

■ The first point for charge which was requested and refused is:

"28. You are further instructed that when the injury is merely a broken bone or even a serious cut, it is not the type of injury that might threaten the life of the victim. 18 Pa.C.S.A. § 2702(a)(1) Discussion."

This charge deals with the type of injury necessary to constitute the offense of aggravated assault. Although Parks was originally charged with that offense, that charge was dropped prior to trial. Since there is no duty on a trial judge to charge upon law which is not applicable to the case, *Commonwealth v. Dessus*, 214 Pa.Super. 347, 257 A.2d 867 (1969); *Commonwealth v. Gray*, 441 Pa. 91, 271 A.2d 486 (1970), refusal of this charge was not error.

■ The four remaining points for charge all deal with the defense of justification. The first of these reads:

"36. Self defense is an affirmative defense and the defendant has the burden of proving such a defense by a preponderance of the evidence. *Commonwealth v. Sanders*, 219 Pa.Super. 79, 280 A.2d 598 (1970)."

Simply stated, this suggested charge is an incorrect statement of the law, and, therefore, a refusal to so charge cannot be error. See *Commonwealth v. Cropper*, 463 Pa.

529, 345 A.2d 645 (1975); *Commonwealth v. Rose*, 457 Pa. 380, 321 A.2d 880 (1974).

■ The three remaining points for charge which Parks says the court erroneously rejected all deal with the justifiable use of force and the lack of a duty to retreat absent the use of deadly force. This area was thoroughly covered when the trial court charged:

> "In considering whether or not the defendant's use of force was justified, consider the principle that he was entitled to estimate the necessity of using force in self-defense under the circumstances as he reasonably believed them to be when he used force without any duty on his part to retreat from the park at that time."

and,

> "In this case justification is a defense if the defendant reasonably believed that the force he used was immediately necessary to protect himself against the use of force by Mr. O'Donnell on the same occasion as the defendant used force."

Reading the trial court's charge in its entirety, *Commonwealth v. Butler*, supra, we find that the jury was adequately instructed and therefore no error was committed in the trial court's refusal of the requested points instantly.

Parks also contends that the verdict instantly was against the weight of the evidence in three particular instances.

■ Initially, Parks argues his testimony of justification was unrebutted and, therefore, established a defense. This argument is meritless. The function of the jury is to pass on the credibility of witnesses and determine the weight to be accorded to a particular piece of evidence. *Commonwealth v. Duncan*, 473 Pa. 62, 373 A.2d 1051 (1977). The jury is free to believe all, part, or none of the evidence. *Commonwealth v. Duncan*, supra. Obviously, in the instant case, the jury chose not to believe Parks' testimony. Therefore, we find no merit in this argument.

■ Second, Parks contends the verdict was patently inconsistent. Parks argues the jury discounted the victim's

testimony that a robbery was in progress, evidenced by a not guilty verdict on robbery charges, and, as such, must have accepted his testimony as to justification. Therefore, reasons Parks, since the justification testimony was believed, a guilty verdict to the charge of recklessly endangering another person was inconsistent. This analysis is faulty. Since different elements are required to be proven with regard to robbery and recklessly endangering another person, the jury may have concluded that, while the Commonwealth had met its burden with regard to the latter charge, the Commonwealth failed to prove one of the elements necessary to convict Parks of the robbery charge. Hence, the jury did not have to accept Parks' justification testimony in returning its verdict. In any event, since consistency of verdicts in a criminal case is not necessary, *Commonwealth v. Carter*, 444 Pa. 405, 282 A.2d 375 (1971), we find this argument to be meritless.

Lastly, Parks contends the verdict as to recklessly endangering another person was against the charge of the court. This contention is undercut however by Parks' own analysis. Parks argues the clear import of the charge was that, if justification was accepted by the jury, it would apply not only to the count of aggravated assault but also to that of recklessly endangering another person. Parks contends that, if justification was found for the former, it must also be found as to the latter. This argument is specious because, as previously stated, the charge of aggravated assault was withdrawn prior to trial. Therefore, Parks was not found innocent of aggravated assault.

Finally, Parks contends the evidence presented at trial by the Commonwealth was insufficient to sustain his conviction for recklessly endangering another person.

■ The test for sufficiency of the evidence is whether, accepting as true all the evidence and all reasonable inferences therefrom upon which the verdict could have been based, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted. *Commonwealth v. Ross*, 248

Pa.Super. 312, 375 A.2d 113 (1977); *Commonwealth v. Perkins*, supra.

A person is guilty of recklessly endangering another person when he recklessly engages in conduct which placed or may have placed another person in danger of death or serious bodily harm. See 18 Pa.C.S.A. § 2705.

Instantly, the victim was beaten over the head with a cane and knocked to the ground. The victim, who was bleeding from the head, could not get up without assistance. Parks abandoned him in the middle of a park, in the early morning hours, where no one was likely to find him. The victim was forced to crawl one and one–half blocks to get assistance. Under the circumstances, we hold the jury could have found that Parks placed the victim in a position where serious bodily injury or death could result.

Order affirmed.