444 A.2d 724

**COMMONWEALTH of Pennsylvania**

v.

**Danny GLASCO, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 24, 1981.

Filed April 16, 1982.

190

Frank M. Jackson, Philadelphia, for appellant.

Alan Sacks, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, WIEAND and JOHNSON, JJ.

WIEAND, Judge:

Danny Glasco was tried by a jury which found him not guilty of rape[1] but guilty of simple assault,[2] indecent assault,[3] and involuntary deviate sexual intercourse.[4] On direct appeal, Glasco argues (1) that the verdicts were inconsistent, (2) that the prosecuting attorney improperly expressed an opinion concerning guilt, and (3) that the trial court erred in permitting a character witness to be asked on cross-examination regarding Glasco's prior, unrelated arrests. There is merit in the last of these contentions; and, therefore, we reverse and remand for a new trial.

The charges against appellant arose from a single episode which occurred in appellant's apartment during the early morning hours of July 29, 1978. Both appellant and the complaining witness testified regarding the sexual acts which occurred. The principal issue at trial was whether they were consensual or forced. Appellant argues, there-

1. The trial court sustained demurrers to charges of recklessly endangering another person, making terroristic threats, and aggravated assault.

2. 18 Pa.C.S. § 2701.

3. 18 Pa.C.S. § 3126.

4. 18 Pa.C.S. § 3123.

fore, that the verdicts finding him guilty of involuntary deviate sexual intercourse and assault are inconsistent with the finding that he was not guilty of rape.

"[T]he law in Pennsylvania . . . long has been that inconsistencies in the jury's verdict do not require the granting of a new trial so long as the evidence was sufficient to support the guilty verdicts that the jury did return." *Commonwealth v. Jackson*, 230 Pa.Superior Ct. 386, 389–390, 326 A.2d 623, 626 (1974). *Accord: Dunn v. United States*, 284 U.S. 390, 393–394, 52 S.Ct. 189, 190–91, 76 L.Ed. 356 (1932); *Commonwealth v. Strand*, 464 Pa. 544, 547, 347 A.2d 675, 676–677 (1975); *Commonwealth v. Reed*, 458 Pa. 8, 11 n.2, 326 A.2d 356, 358 n.2 (1974); *Commonwealth v. Carter*, 444 Pa. 405, 408, 282 A.2d 375, 376–377 (1971); *Commonwealth v. Rosetta*, 266 Pa.Superior Ct. 543, 545, 405 A.2d 952, 953 (1979).

In determining whether the evidence presented at trial was sufficient to support the verdicts, we must view the evidence in the light most favorable to the Commonwealth as verdict winner and accept as true all of the evidence and reasonable inferences upon which, if believed, the jury could properly have based its verdict. *Commonwealth v. Parker*, 494 Pa. 196, 198, 431 A.2d 216, 217 (1981); *Commonwealth v. Watson*, 494 Pa. 467, 470, 431 A.2d 949, 950 (1981); *Commonwealth v. Burns*, 490 Pa. 352, 354, 416 A.2d 506, 507 (1980). The jury was entitled to draw reasonable inferences from the evidence, resolve any issues of credibility and believe all, part or none of the evidence presented. *Commonwealth v. Stockard*, 489 Pa. 209, 213, 413 A.2d 1088, 1090 (1980); *Commonwealth v. Rose*, 463 Pa. 264, 267–268, 344 A.2d 824, 826 (1975). So viewed, the evidence at appellant's trial was sufficient to prove guilt beyond a reasonable doubt on charges of simple assault, indecent assault and involuntary deviate sexual intercourse.

Appellant contends that he is entitled to a new trial because the trial court erred in permitting the prosecuting attorney, over objection, to cross-examine a character witness regarding appellant's prior arrests for unrelated of-

fenses. The prosecuting attorney also inquired concerning the witness' knowledge of an arrest which had occurred subsequent to the date of the offense for which appellant was being tried. Thus, although appellant had not been convicted of prior crimes, the jury learned that he had been arrested in 1972 for assault and battery with intent to ravish and rape, assault with intent to commit sodomy and solicitation to commit sodomy, and in 1977 for kidnapping, indecent assault, aggravated assault, simple assault, and unlawful restraint. In addition, the jury learned that approximately five months after the incident in question, appellant was arrested for rape.[5] In his closing argument the prosecutor commented on appellant's character witness' testimony: "One can call a parish priest. One can call your neighbor. One can call somebody in the neighborhood who knows the defendant, but who does the defendant call; he calls his own brother. You have to decide how much weight you could

5. The record discloses the following questions and answers during cross examination:

Q: Did these people ever tell you he was arrested for rape on December 7th, 1978?
A: No, they did not.
Q: And he is your own brother, and no one ever told you that?
A: Someone told me that Danny was arrested. That's how I found out, but Danny's friends did not tell me.
Q: Did these people who you discussed his reputation in the community with for being a peaceful, law-abiding citizen ever tell you on November 7th, 1972 he was arrested for assault and battery with intent to ravish and rape; solicitation to commit sodomy; assault with intent to commit sodomy; and assault and battery with intent to ravish; did these people ever tell you that?
A: No, they did not.
. . . .
Q: Did these people who you discussed the defendant's reputation with ever tell you on June 17th, 1977 he was arrested for indecent assault; did they ever tell you that?
A: No, they did not.
Q: Did they ever tell you on June 17th, 1977 he was arrested for kidnapping and unlawful restraint?
A: No, they did not.
. . . .
Q: Did they ever tell you on June 17th, 1977 he was arrested for simple and aggravated assault?
. . . .
A: No, they did not. (N.T. 2.22–2.24)

give to reputation, especially in light of the cross-examination about [sic] Lee Glasco about the defendant's reputation in the community." (N.T. 3.90–3.91)

■ The Supreme Court in *Commonwealth v. Scott*, 496 Pa. 188, 436 A.2d 607 (1981), abrogated the prior rule which permitted cross-examination of character witnesses concerning the defendant's prior unrelated arrests. Chief Justice O'Brien, writing for a unanimous court, noted that "[d]espite any cautionary instruction the court may have given the jury, the undue prejudice to appellant is obvious . . . . Had appellant been convicted of the charges, it would be easier to say that he must suffer the consequences of placing his character at issue." *Id.*, 496 Pa. at 197, 436 A.2d at 611–612.

Although the instant case was tried prior to the decision in *Scott*, the issue of the propriety of cross-examining the character witness about appellant's unrelated arrests has been preserved. Therefore, we are required to follow the holding in *Scott* and award a new trial.

Because we are required to award a new trial for this reason, it is unnecessary that we consider appellant's argument that during final summation the prosecuting attorney improperly expressed an opinion concerning appellant's guilt.

Reversed and remanded for a new trial.