456 A.2d 1044

**COMMONWEALTH of Pennsylvania**

v.

**Cassel NEWMAN, Appellant.**

Superior Court of Pennsylvania.

Argued May 26, 1982.

Filed Feb. 18, 1983.

Petition for Allowance of Appeal Denied June 8, 1983.

494

William F. Fox, Jr., Norristown, for appellant.

John J. Hylan, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before BROSKY, WIEAND and BECK, JJ.

WIEAND, Judge:

Cassel Newman was tried by jury and convicted of voluntary manslaughter and possession of an instrument of crime. These convictions were for two of several charges which had been brought against him as a result of the shotgun killing of his neighbor, Henry Major Basketville, a/k/a Henry Major. Post verdict motions were dismissed, and Newman was sentenced to prison for voluntary manslaughter. On direct appeal, he contends that the evidence was insufficient to sustain the conviction for voluntary manslaughter and that the trial court erred in refusing a requested jury instruction that the Commonwealth had the burden of proving a killing which was not the result of accidental misadventure. We find no merit in appellant's contentions and, accordingly, affirm the judgment of sentence.

■ On July 30, 1980, Major visited appellant, who was his neighbor. When Major, who had been drinking, became loud, appellant managed to maneuver him from the house. However, Major continued to pound on appellant's door until appellant retrieved his shotgun from the bedroom, loaded it, and fired it into the ground. Major then left. However, he returned a short time later with a handgun and started again to pound on appellant's door. Newman once again picked up his shotgun and went to the door. A physical struggle ensued outside the home during which Major was shot in the head and killed by a blast from Newman's shotgun.

When we view this evidence in the light most favorable to the Commonwealth, as we are required to do, *Commonwealth v. Waller*, 498 Pa. 33, 42, 444 A.2d 653, 658 (1982); *Commonwealth v. Young*, 494 Pa. 224, 228, 431 A.2d 230, 232 (1981), it is clear that it was sufficient to sustain the conviction for voluntary manslaughter. Appellant contended and testified that the shooting had been accidental, i.e., that the shotgun had gone off accidentally during the struggle. However, the jury was free to accept some, all or none of his explanation. *Commonwealth v. Stockard*, 489 Pa. 209, 213, 413 A.2d 1088, 1090 (1980); *Commonwealth v. Harper*, 485 Pa. 572, 576–577, 403 A.2d 536, 539 (1979); *Commonwealth v. Rose*, 463 Pa. 264, 267–268, 344 A.2d 824, 826 (1975); *Commonwealth v. Murray*, 460 Pa. 605, 609, 334 A.2d 255, 257 (1975); *Commonwealth v. Glasco*, 298 Pa.Super. 189, 192, 444 A.2d 724, 726 (1982); *Commonwealth v. Hankerson*, 298 Pa.Super. 194, 196, 444 A.2d 727, 728 (1982).

Appellant contends on appeal that the testimony of Marion Johnson, the decedent's girlfriend, was so contradictory as to be unworthy of belief. She testified that appellant had pointed the gun at Major, had pushed him off the porch with the gun, and had threatened to kill him. She also said that she heard appellant repeatedly say "I got him" after the shooting had occurred. The credibility of her testimony was for the jury to determine. It was not for the trial

court, or this court on appeal, to determine the weight to be given her testimony. See: *Commonwealth v. Hudson*, 489 Pa. 620, 628, 414 A.2d 1381, 1385 (1980); *Commonwealth v. Preston*, 488 Pa. 311, 315, 412 A.2d 524, 526 (1980); *Commonwealth v. Martin*, 481 Pa. 515, 519, 393 A.2d 23, 25 (1978); *Commonwealth v. Glasco, supra* 298 Pa.Super. at 192, 444 A.2d at 726; *Commonwealth v. Battle*, 289 Pa.Super. 369, 375, 433 A.2d 496, 498–499 (1981); *Commonwealth v. Daniels*, 281 Pa.Super. 334, 339, 422 A.2d 196, 198 (1980).

Moreover, the verdict in this case was supported by competent evidence other than that given by the decedent's girlfriend. The fact that there had been no other eyewitnesses did not require the jury to accept appellant's version that he had not pulled the trigger and that the gun had been discharged accidentally during the struggle. The Commonwealth produced a weapons expert who described the shotgun's firing mechanism and demonstrated the unlikelihood of an accidental firing. The accidental nature of the shooting tended to be refuted also by appellant's attitude and statements as testified to by police who had arrived on the scene immediately following the shooting. The evidence, therefore, was adequate to support the jury's finding.

■ Homicide by accidental misadventure is an excusable killing. It comprehends an unintentional and accidental killing while the actor is performing a lawful act unaccompanied by criminal negligence. "Three elements enter into the defense of excusable homicide by misadventure: (1) The act resulting in death must be a lawful one. (2) It must be done with reasonable care and due regard for the lives and persons of others. (3) The killing must be accidental and not intentional, or without unlawful intent, or without evil design or intention on the part of the slayer. All these elements must concur and the absence of any one of them will involve guilt. Even though the homicide is unintentional, it is not excusable where it is the result or incident of an unlawful act, such as pointing or presenting a gun, pistol or

other firearm at another person in such a manner as to constitute an offense under the laws of the state, or unlawfully striking another with an intent to hurt, although not with an intent to kill, or driving an automobile at an unlawful rate of speed." *Commonwealth v. Pavillard,* 421 Pa. 571, 574, 220 A.2d 807, 809 (1966), quoting 30 C.J. § 269, p. 88. See: *Commonwealth v. Hobson,* 484 Pa. 250, 258–259, 398 A.2d 1364, 1368 (1979); *Commonwealth v. Flax,* 331 Pa. 145, 156–157, 200 A. 632, 637–638 (1938). See also: *Commonwealth v. Musi,* 486 Pa. 102, 108–109, 404 A.2d 378, 380–381 (1979); *Commonwealth v. Jackson,* 464 Pa. 292, 295–296, 346 A.2d 746, 747 (1975); *Commonwealth v. Johnson,* 460 Pa. 169, 176, 331 A.2d 473, 476 (1975); *Commonwealth v. Chruscial,* 447 Pa. 17, 19–20, 288 A.2d 521, 523 (1972); *Commonwealth v. Beach,* 438 Pa. 37, 40, 264 A.2d 712, 714 (1971); *Commonwealth v. Chermansky,* 430 Pa. 170, 175–176, 242 A.2d 237, 241 (1968); *Commonwealth v. Lockett,* 291 Pa. 319, 324, 139 A. 836, 838–839 (1927).

The trial court instructed the jury consistently with the foregoing principle of law. Appellant contends that the trial court erred, however, by refusing a requested instruction as follows:

"The Commonwealth has the burden of proving beyond a reasonable doubt that the death of Henry Major Basketville was not a homicide by misadventure. If the Commonwealth does not meet this burden you must find Cassel Newman not guilty."

Although we can agree that the trial court could properly have instructed the jury as requested, it does not follow that it was reversible error to fail to do so. "The trial court is not required to accept the language of the point submitted by counsel but rather is free to select its own form of expression. The only issue is whether the area is adequately, accurately and clearly presented to the jury for [its] consideration." *Commonwealth v. Hobson, supra* 484 Pa. at 259, 398 A.2d at 1369, quoting from *Commonwealth v. McComb,* 462 Pa. 504, 509, 341 A.2d 496, 498 (1975). See: *Commonwealth v. Dozier,* 294 Pa.Super. 249, 255, 439 A.2d

1185, 1188 (1982); *Commonwealth v. Boone*, 287 Pa.Super. 1, 11, 429 A.2d 689, 694 (1981); *Commonwealth v. Rhem*, 283 Pa.Super. 565, 576, 424 A.2d 1345, 1351 (1980); *Commonwealth v. Parks*, 281 Pa.Super. 38, 42, 421 A.2d 1135, 1137 (1980); *Commonwealth v. Fodero*, 273 Pa.Super. 278, 282, 417 A.2d 648, 650 (1979).

In addition to instructing the jury on accidental misadventure, the trial court instructed the jury fully regarding the Commonwealth's burden of proving beyond a reasonable doubt each and every element of the crime charged. In apparent acknowledgement that the jury was properly instructed regarding the burden of proving guilt, appellant attempts to draw an analogy between the defense of self-defense and a killing by accidental misadventure. In this manner he seeks to take advantage of the decision of a panel of this Court in *Commonwealth v. Flagg*, 266 Pa.Super. 508, 405 A.2d 934 (1979), which held that a correct charge on the burden of proving guilt did not render harmless the trial court's refusal of a requested instruction to the effect that where evidence of self-defense is offered, "the prosecution must then prove beyond a reasonable doubt that the accused did not act in self-defense."

However, the analogy is not valid. Accidental misadventure deals with unintentional incidents. Self-defense, on the other hand, is concerned with intentional acts that are not criminal in nature. *Commonwealth v. Hobson, supra* 484 Pa. at 259, 398 A.2d at 1368. The former is an excusable homicide; more correctly, it is not a homicide at all. A killing committed in self-defense, however, is a homicide that is justified. It is justified by the individual's right to defend himself or herself. If the prosecution makes out a prima facie case by showing an intentional act resulting in death, the defense can then come forward with evidence to show that it was committed in self-defense. To the extent that the defense has the burden of coming forward with evidence of self-defense, it is an affirmative defense. When the defense does come forward with such evidence, the court is then required to instruct the jury that the Common-

wealth has the burden of proving beyond a reasonable doubt that the killing did not occur in self-defense. An accidental misadventure, however, is inconsistent with a homicide. By definition, a homicide involves the intentional, knowing, reckless or criminally negligent death of another human being. 18 Pa.C.S. § 2501(a). A defense claim of accidental misadventure which seeks to negate the intentional, knowing and/or reckless character of a killing, places no burden on the Commonwealth that did not rest upon it from the outset. Evidence of accident tends to challenge the sufficiency of the Commonwealth's evidence with regard to the necessary mens rea but does not obligate the Commonwealth to prove additional elements as is the case when self-defense is raised. Cf. *Commonwealth v. Tran*, 307 Pa.Super. 489, 453 A.2d 993 (1982). Thus, a jury instruction which declares that the Commonwealth has the burden of proving each and every element of a homicide necessarily imposes upon the Commonwealth the burden of proving that death was not caused by accidental misadventure.

In *Commonwealth v. Cooney*, 431 Pa. 153, 244 A.2d 651 (1968), the defense contended that the killing had been accidental. The court charged the jury on accidental misadventure in accordance with the language of the opinion in *Commonwealth v. Pavillard, supra.* On appeal, counsel contended that by so charging the trial judge had placed the burden of proving the accident on the defense. The Supreme Court rejected this argument, saying "Not only was the charge correct, but the trial Judge after charging on misadventure specifically charged the jury that 'the burden [of proof] is with the Commonwealth throughout the trial of the case.'" *Id.*, 431 Pa. at 160, 244 A.2d at 654. The instruction in the instant case was similar.

We conclude, therefore, that the trial court's instructions were complete and accurate, and it was not error to refuse the additional point requested by appellant.

The judgment of sentence is affirmed.