J-S04030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RONALD LEE BERTRAND | |
| Appellant | No. 504 EDA 2016 |

Appeal from the Judgment of Sentence December 8, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003033-2014

BEFORE: SHOGAN, J., OTT, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.: **FILED MAY 23, 2017**

Ronald Lee Bertrand appeals from the judgment of sentence imposed on December 8, 2014, in the Delaware County Court of Common Pleas. Bertrand was sentenced to an aggregate term of 42 to 84 months' imprisonment, followed by four years' probation, after his jury conviction of terroristic threats, possessing an instrument of crime ("PIC"), recklessly endangering another person ("REAP"), simple assault, and defiant trespass (actual communication).[1] Bertrand's sole issue on appeal challenges the sufficiency of the evidence supporting his conviction of REAP. For the reasons below, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2706(a)(1), 907(a), 2705, 2701(a)(3), and 3503(b)(1)(i), respectively.

The facts underlying Bertrand's arrest and conviction are aptly summarized by the trial court as follows:

On April 13, 2014, at approximately 2:20 p.m., the victim in this case, Michael Link, a retired Aston Township Police Officer, was doing some gardening on the side yard of his home located [on] Convent Road, Aston, Delaware County, Pennsylvania, along with his wife. They were just getting ready for a late afternoon lunch and the victim's wife went inside. At or about that time, a red Chevy pick-up truck drove up the street and parked on the other side of the street. [Bertrand] got out of the vehicle and then asked a man by the name of Ronald Pierce, who was doing work at his mother's home [on] Convent Road, which is across the street from the victim's home; "… does a Michael *F*ink live around here?" The witness, Mr. Pierce knows that Michael *Link* lives across the street and advised [Bertrand] of that fact. [Bertrand] then began walking onto the victim's property carrying a double-headed hand-held ax in his hand. The victim immediately recognized [Bertrand] as Ronnie Bertrand in that he had known him for approximately 30 years. As [Bertrand] was coming toward the victim with the double-headed ax, the victim yelled to [Bertrand] "get off my property; you're not welcome here; leave."

As [Bertrand] approached the victim, he was swinging the double-headed ax from front to back. As [Bertrand] continued to approach the victim, the victim continued to yell at [Bertrand] to leave and attempted to retreat to his basement door which is two steps below grade. As [Bertrand] continued to move toward the victim, at one point he got within one foot of him as the victim retreated to his basement. The victim was able to grab the handle to the basement door, open it, run inside and slam the door shut locking it behind him. The victim testified that he was in fear for his life and that of his family and that the event "was deathly frightening." On at least four (4) separate occasions, as he pursued the victim, [Bertrand] stated "do you remember when you tripped me up in court?" This apparently referred to unrelated charges brought against [Bertrand] by another Aston police officer sometime in the 1990's that resulted in a plea of guilty to summary offense disorderly conduct by [Bertrand].

Trial Court Opinion, 5/31/2016, at 1-2 (record citations omitted; emphasis in original).

Bertrand was charged with the aforementioned crimes, as well as one count of retaliation against witness, victim or party. *See* 18 Pa.C.S. § 4953. The case proceeded to a jury trial, and, on November 6, 2014, the jury found Bertrand guilty of all charges, with the exception of the retaliation offense. On December 8, 2014, the trial court imposed the following sentence: (1) a term of 24 to 48 months' imprisonment for terroristic threats; (2) a consecutive term of 18 to 36 months' imprisonment and two years' probation for PIC; (3) a consecutive term of one year probation for REAP; and a consecutive term of one year probation for trespass.[2] That same day, the trial court granted counsel permission to withdraw.

On December 18, 2014, Bertrand filed a *pro se* post-sentence motion, challenging the sufficiency of the evidence supporting his convictions of terroristic threats and REAP, and the discretionary aspects of his sentence. He then filed a second, *pro se* motion for reconsideration of sentence on December 22, 2014. The trial court denied Bertrand's motion by order dated January 9, 2015. Bertrand did not receive notice of the entry of the order.

_____

[2] The court found the crime of simple assault merged with REAP for sentencing purposes.

Thereafter, on April 2, 2015, Bertrand sent a letter to the trial court administrator inquiring as to the status of his appeal. The trial court considered the filing to be a first petition for post conviction collateral relief,[3] and promptly appointed counsel, directing him to file an amended petition within 60 days. *See* Order, 4/8/2015. After requesting and receiving two extensions of time, counsel filed an amended petition on October 22, 2015, requesting reinstatement of Bertrand's direct appeal rights. On January 11, 2016, the PCRA court entered an order finding Bertrand was never served with a copy of the January 8, 2015, order denying his post-sentence motion, and consequently, the time for filing a direct appeal had not expired. *See* Order, 1/11/2016. Accordingly, the order directed that the 30-day appeal period commence from the filing of the order, and that Bertrand's PCRA petition be dismissed without prejudice "to refile a PCRA Petition at the conclusion of direct appeal." *Id.* This timely appeal followed.[4]

The only issue Bertrand raises on appeal is a challenge to the sufficiency of the evidence supporting his conviction of REAP. Specifically, he argues the evidence failed to establish that the victim was "placed in

---

[3] *See* Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.

[4] The trial court subsequently granted PCRA counsel permission to withdraw and appointed present counsel to assist Bertrand on direct appeal. Further, we note Bertrand complied with the trial court's directive to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

danger of death or serious bodily injury." Bertrand's Brief at 12. He claims "[a]lthough [he] did enter onto the victim's property unannounced with an ax in hand, he made no discernable effort to strike at the victim with the implement or take any other explicit action that could be construed as swinging the ax to, in fact, try to cause injury to [the victim]." *Id.* Therefore, he maintains, "the victim was never placed in actual danger of death or serious bodily injury." *Id.* at 20.

Our review of a sufficiency challenge is well-settled:

The standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom is sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. The Commonwealth may sustain its burden of proving every element beyond a reasonable doubt by means of wholly circumstantial evidence.

The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record. Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances."

*Commonwealth v. Vogelsong*, 90 A.3d 717, 719 (Pa. Super. 2014) (internal citations omitted), *appeal denied*, 102 A.3d 985 (Pa. 2014).

A defendant may be convicted of REAP if he "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. In making this determination, we must bear in mind the following:

- 5 -

Our law defines "serious bodily injury" as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ." **To sustain a conviction under section 2705, the Commonwealth must prove that the defendant had an actual present ability to inflict harm and not merely the apparent ability to do so. Danger, not merely the apprehension of danger, must be created**. The mens rea for recklessly endangering another person is "a conscious disregard of a known risk of death or great bodily harm to another person."

*Commonwealth v. Hopkins*, 747 A.2d 910, 915–916 (Pa. Super. 2000)

(emphasis supplied and internal citations omitted).

Here, the trial court succinctly addressed Bertrand's claim as follows:

[Bertrand] had an actual present ability to inflict harm. [Bertrand] was walking "very briskly" toward the victim, Michael Link. [Bertrand] was swinging a shiny, double-headed ax from front to back. At trial, Link testified that [Bertrand] threatened him verbally. On at least four (4) separate occasions, as he pursued the victim, [Bertrand] stated "do you remember when you tripped me up in court?" [Bertrand] was about a foot from the victim and continued to move the ax back and forth. The victim testified:

> Q. How close was Mr. Bertrand to you as you're back pedaling down those steps?
>
> A. We were real close. I mean, we're like a foot apart, if that …
>
> A. And he's saying get in the basement; get in the basement, okay, as I'm back pedaling down these stairs. And there's an overhang on the sides of my step, okay, and I heard the clink of the ax. And -- …
>
> Q. And that was what, the ax what?
>
> A. Hitting the side of the cement as it was being swung. And at the same time – and I'm – I'm saying to him Ron, you're really starting to scare me; you need to leave okay?

[Bertrand] menaced the victim by wielding an ax less than a foot from the victim's body thus establishing an actual present ability to inflict injury. There was ample evidence to sustain [Bertrand's] conviction for Reckless Endangerment.

Trial Court Opinion, 5/31/2016, at 9.

Our review of the record reveals ample support for the trial court's ruling on the sufficiency claim. The victim's testimony demonstrates that Bertrand had the "actual present ability" to inflict serious bodily harm upon the victim. **Hopkins**, **supra**, 747 A.2d at 915. **See Commonwealth v. Lawton**, 414 A.2d 658, 662 (Pa. Super. 1979) (finding evidence sufficient to support REAP conviction when defendant was "swinging [his fists] indiscriminately into a crowd of students" and explaining "the mere fact that the victim only sustained minor injuries and did not sustain 'serious bodily injury' does not ipso facto establish that appellant's actions did not place others in danger of such injury.").

Bertrand suggests the evidence was insufficient to support his REAP conviction because the victim was never in any real danger. He emphasizes "the ax was never raised to strike a blow[;]" rather, he simply approached the victim "with the ax in his hands." Bertrand's Brief at 19. However, Bertrand mischaracterizes the testimony. The victim explained that Bertrand approached him in a menacing manner while **swinging** a double-headed ax by his side. These actions certainly created a situation which placed the victim in danger of serious bodily injury. **See** 18 Pa.C.S. § 2705. Moreover, Bertrand's reliance on cases in which the defendant possessed an

unloaded firearm is misplaced.  **See** Bertrand's Brief at 12.  An unloaded firearm, unlike an ax, is not inherently dangerous.[5]

Accordingly, because we conclude the evidence was sufficient to sustain Bertrand's conviction of REAP, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2017

---

[5] We also reject Bertrand's reliance on **Commonwealth v. Cavanaugh**, 420 A.2d 674 (Pa. Super. 1980), and **Commonwealth v. Parks**, 421 A.2d 1135 (Pa. Super. 1980), for the proposition that the ax "did not become dangerous to the victim until it was utilized in a manner that created an environment of real harm[.]"  Bertrand's Brief at 20.  **See Cavanaugh**, **supra**, 420 A.2d at 675 (defendant's action in striking victim on the head with a tire iron sufficient to support REAP conviction); **Parks**, **supra**, 421 A.2d at 1138 (defendant's action in beating victim over the head with victim's own cane sufficient to sustain REAP conviction).  Although in both of those cases the defendant used the instrumentality to strike the victim, the appellate court did not imply the evidence would have been insufficient if the defendants had merely threatened the victims or approached them in a menacing manner.