## Commonwealth *v.* Carter, Appellant.

406

Argued April 22, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Robert L. Franklin,* with him *Pechner, Sacks, Cantor & Dorfman,* for appellant.

*Stephen J. Margolin,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE BARBIERI, October 12, 1971:

Appellant was tried by a judge and jury and found guilty of second degree murder under one bill and aggravated assault and battery under a second bill. After the entry of the verdicts, appellant filed motions for a new trial and in arrest of judgment. An en banc Court of Philadelphia Common Pleas judges denied these motions. Appellant was sentenced by the Court to a term of seven to twenty years' imprisonment on the second degree murder charge and received a suspended sentence on the aggravated assault and battery charge. This appeal followed.

At trial the Commonwealth introduced evidence which tended to prove the following facts. Appellant and at least five other members of a Philadelphia gang sought out a second gang to vindicate an attack made on one of their members. During the fracas which ensued, appellant stabbed repeatedly a youth named Keys, who later died, and also stabbed a second youth, Anderson, who was seriously wounded. Appellant was charged in one bill with the murder of Keys and was charged in the second bill, in three separate counts, with assault and battery with intent to kill, aggravated assault and battery, and assault and battery for the stabbing of Anderson.

Appellant makes four arguments on appeal: (1) that he is entitled to a retrial on the second bill because the jury rendered inconsistent verdicts in that it found appellant guilty of a count of aggravated assault and battery but found him not guilty on a separate count of assault and battery; (2) that both judgments should be reversed because of the introduction at trial of an illegally obtained confession; (3) that he is entitled to a retrial on both bills because the trial court failed to strike one of the jurors; and (4) that the evidence was insufficient to sustain the verdicts. We find these con-

tentions to be without merit and accordingly affirm as to both convictions.

Appellant argues in support of his first contention that the verdict of not guilty on the assault and battery count is logically inconsistent with a verdict of guilty on the aggravated assault and battery count since the former crime is a lesser included offense of the latter. This argument, however, is based on the mistaken assumption that the verdict of not guilty on the assault and battery count is to be interpreted as a finding by the jury that there was in fact no assault and battery. As the Superior Court said in *Commonwealth v. Parrotto*, 189 Pa. Superior Ct. 415, 422, 150 A. 2d 396 (1959) : "An acquittal cannot be interpreted as a specific finding in relation to some of the evidence. As in other cases of this kind, the Court looks upon this acquittal as no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity."

But even if it were assumed that the two verdicts were logically inconsistent, such inconsistency alone could not be grounds for a new trial or for reversal. "It has long been the rule in Pennsylvania and in the federal courts that consistency in a verdict in a criminal case is not necessary." *Parrotto*, supra, at 419. See also, *United States v. Carbone*, 378 F. 2d 420, 422 (2nd Cir. 1967) ; *United States v. Cindrich*, 241 F. 2d 54, 56-57 (3d Cir. 1957) ; *Mills v. Commonwealth*, 13 Pa. 633, 634-35 (1850) ; *Commonwealth v. Kline*, 107 Pa. Superior Ct. 594, 164 A. 124 (1933).

The Superior Court in the *Kline* and *Parrotto* decisions relied on the landmark case of *Dunn v. United States*, 284 U.S. 390 (1932). Writing for the Court, Mr. Justice Holmes said (at pages 393-94) : "Consistency in the verdict is not necessary. . . . As was said in Steckler v. United States, 7 F. (2d) 59, 60 [ (2nd

Cir. 1925) (L. HAND, J.)] : 'The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt.' . . . That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters'.' Appellant has presented no reason for departure from the rule of the *Dunn* case, which has been subscribed to by our courts and the great majority of federal and state courts. See Annot., Inconsistency of Criminal Verdict as Between Different Counts of Indictment or Information, 18 A.L.R. 3d 259, 270-74 (1968). The cases cited by appellant as authority for his position—*Commonwealth v. Moss,* 173 Pa. Superior Ct. 367, 98 A. 2d 372 (1953) and *Commonwealth v. Thatcher,* 364 Pa. 326, 71 A. 2d 796 (1950)—are inapposite. Both of these cases are concerned with double jeopardy and are irrelevant to the inconsistent verdicts question raised in our case. Accordingly, we hold that the apparent inconsistency of the verdicts in this case does not require a new trial.

Appellant's second argument is that the statement he gave to the police during interrogation immediately following his arrest should have been suppressed because the confession was the product of an illegal arrest. Although the arresting officers did not have a warrant, a warrantless arrest is not illegal unless the officers do not have reasonable or probable cause to believe that the person to be arrested has committed a felony. See *Commonwealth v. Frye,* 433 Pa. 473, 252 A. 2d 580 (1969), cert. denied, 396 U.S. 932 (1969) ; *Commonwealth v. Bosurgi,* 411 Pa. 56, 66, 190 A. 2d 304 (1963), cert. denied, 375 U.S. 910 (1963). Probable cause exists where "the facts and circumstances within [the arresting officers'] knowledge and of which

they had reasonably trustworthy information were sufficient in themselves to warrant a man of reasonable caution in the belief" that the suspect had committed or is committing a crime. *Carroll v. United States*, 267 U.S. 132, 162 (1925). See also *McCray v. Illinois*, 386 U.S. 300 (1967); *Commonwealth v. Murray*, 437 Pa. 326, 263 A. 2d 886 (1970). On the night of the crime in the case before us, two eyewitnesses in police custody named appellant as the one who killed Keys. The police arrested appellant the next morning while at work. Considering all the facts established by the record, we think that there was probable cause for the arrest.

Appellant's third argument is that one of the jurors should have been stricken during the trial because she recognized Keys' mother when she took the witness stand. The juror testified that while she recognized the victim's mother, she did not know her at all and felt no more sympathy for her than she would for another mother who had lost a son. It is within the discretion of the trial judge to determine whether or not there is any chance of prejudice resulting from a remote blood relationship between a juror and a victim. See *Commonwealth ex rel. Fletcher v. Cavell*, 395 Pa. 134, 149 A. 2d 434 (1959), cert. denied, 361 U.S. 847 (1959). Obviously, the same standard should be applied where the juror is only a casual acquaintance of a relative of the victim. There is no indication in the present case that the trial judge abused his discretionary powers in not striking the juror.

Finally, appellant contends that there was not sufficient evidence to warrant the jury's finding him guilty of second degree murder or of aggravated assault and battery. Viewing the evidence in the light most favorable to the Commonwealth, as we must, see *Commonwealth v. Chasten*, 443 Pa. 29, 275 A. 2d 305 (1971), we find this contention to be without merit.

Judgments affirmed.