J-S68044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHANIQUA MELIT WILLIAMS, | : | |
| | : | |
| Appellant | : | No. 1146 EDA 2014 |

Appeal from the Judgment of Sentence entered on March 7, 2014
in the Court of Common Pleas of Delaware County,
Criminal Division, No. CP-23-CR-0003321-2013

BEFORE: ALLEN, JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:　　　　　**FILED NOVEMBER 26, 2014**

Shaniqua Melit Williams ("Williams") appeals from the judgment of sentence imposed following her conviction of aggravated assault. Additionally, Williams's counsel, Steven M. Papi, Esquire ("Attorney Papi"), has filed an Application to Withdraw Appearance. We affirm Williams's judgment of sentence and grant Attorney Papi's Application to Withdraw Appearance.

On October 2, 2013, Williams went to the emergency room at Crozer-Chester Medical Center in Upland, Pennsylvania. After a significant wait, Williams was told by the triage nurse, Shawna Trapani ("Nurse Trapani"), that nine people were still in front of her to be treated at the hospital. Williams became angry and assaulted Nurse Trapani, who suffered scratches and bruises. Williams was charged with terroristic threats, simple assault

and aggravated assault. On December 11, 2013, a jury found Williams guilty of aggravated assault,[1] but acquitted her of terroristic threats and simple assault. On March 7, 2014, Williams was sentenced to four to twenty-four months in prison, followed by three years of probation. Williams filed a timely Notice of Appeal. Attorney Papi has filed an Application to Withdraw Appearance and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738, 744 (1967) (hereinafter the "**Anders** Brief").

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (citation omitted). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, he must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se,* or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief

---

[1] 18 Pa.C.S.A. § 2702(a)(2).

(1)     provide a summary of the procedural history and facts, with citations to the record;

(2)     refer to anything in the record that counsel believes arguably supports the appeal;

(3)     set forth counsel's conclusion that the appeal is frivolous; and

(4)     state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. "Once counsel has satisfied the [*Anders*] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Edwards*, 906 A.2d at 1228 (citation omitted).

Here, Attorney Papi has complied with each of the requirements of *Anders*. Attorney Papi indicates that he conscientiously examined the record and determined that an appeal would be frivolous. Further, Attorney Papi's *Anders* Brief comports with the requirements set forth by the Supreme Court of Pennsylvania in *Santiago*. Finally, the record contains a copy of the letter that Attorney Papi sent to Williams, indicating his determination that the appeal is frivolous, advising of his intention to seek permission to withdraw, attaching copies of his *Anders* Brief and Application to Withdraw Appearance, and advising Williams of her right to proceed *pro se* or retain alternate counsel and file additional claims. Accordingly,

Attorney Papi has complied with the procedural requirements for withdrawing from representation, and we will review Williams's appeal.

In his **Anders** Brief, Attorney Papi identifies one issue of arguable merit: "Whether [Williams's] conviction for aggravated assault should be vacated since the guilty verdict for that offense is irreconcilably inconsistent with acquittal on the lesser-included offense of simple assault?" **Anders** Brief at 3 (some capitalization omitted).

Williams argues that because aggravated assault[2] and simple

---

[2] The crime of aggravated assaultis defined, in relevant part, as follows:

> (a)   *Offense defined.* --A person is guilty of aggravated assault if he:
>
> * * *
>
> (2)   attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) or to an employee of an agency, company or other entity engaged in public transportation, while in the performance of duty;
>
> * * *
>
> (c)   *Officers, employees, etc., enumerated.* --The officers, agents, employees and other persons referred to in subsection (a) shall be as follows:
>
> * * *
>
> (21) Emergency medical services personnel.

18 Pa.C.S.A. § 2072(a)(2), (c)(21).

assault[3] both require that the accused cause or attempt to cause bodily injury to another person, the offense of simple assault is essentially a predicate offense to the crime of aggravated assault. *Id*. at 9. Williams claims that the only difference between the two crimes is that a person is guilty of aggravated assault if the complainant is an enumerated individual under 18 Pa.C.S.A. § 2072(c)(21). *Anders* Brief at 9. Williams asserts that a person cannot be guilty of aggravated assault unless that person first commits a simple assault. *Id*. Accordingly, Williams contends that her conviction for aggravated assault should be vacated because it is irreconcilably inconsistent with her acquittal of simple assault. *Id*. at 9-10.

Williams's argument is based on the mistaken assumption that the verdict of not guilty on the simple assault count is to be interpreted as a finding by the jury that there was, in fact, no simple assault. As the

---

[3] The crime of simple assault, of which Williams was acquitted, is defined, in relevant part, as follows:

> (a) *Offense defined.* --Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:
>
> (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;
>
> * * *
>
> (2) attempts by physical menace to put another in fear of imminent serious bodily injury[.]

18 Pa.C.S.A. § 2071(1), (2).

Pennsylvania Supreme Court recently reiterated in **Commonwealth v. Moore**, 2014 Pa. LEXIS 2858 (filed October 30, 2014), an acquittal cannot be interpreted as a specific finding of innocence. **See id**. at *18. Rather, "[t]he most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt." **Id.** (citing **Commonwealth v. Carter**, 282 A.2d 375, 377 (Pa. 1971) (upholding appellant's aggravated assault and battery conviction despite the fact that he was acquitted of a separate count of simple assault and battery)). When an acquittal on one count in an indictment is inconsistent with a conviction on a second count, the court looks upon the acquittal as "no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity." **Carter**, 282 A.2d at 376 (citation omitted). Thus, although a defendant's acquittal may be logically inconsistent with his conviction, an acquittal on one count is not grounds for reversal of a conviction on another count. **See Moore**, 2014 Pa. LEXIS 2858, *28. Accordingly, Williams's claim is without merit.

Based on the foregoing, we conclude that Williams's appeal is frivolous, and that Attorney Papi is entitled to withdraw as counsel.

Judgment of sentence affirmed. Application to Withdraw Appearance granted.

J-S68044-14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2014