J-S43009-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES DUANE BAKER-MYERS | |
| Appellant | No. 1398 WDA 2016 |

Appeal from the Judgment of Sentence August 19, 2016
In the Court of Common Pleas of Mercer County
Criminal Division at No: CP-43-CR-0001303-2015

BEFORE:  STABILE, SOLANO, and FITZGERALD, [*] JJ.

DISSENTING MEMORANDUM BY STABILE, J.:  FILED DECEMBER 29, 2017

The learned Majority concluded that the evidence in support of Appellant's conviction for felony-three corruption of minors was legally insufficient. In reaching its conclusions, the Majority relied primarily upon Commonwealth v. Magliocco, 883 A.2d 479 (Pa. 2005), and Commonwealth v. Kelly, 102 A.3d 1025 (Pa. Super. 2014) (en banc). The Majority also distinguished the instant matter from Commonwealth v. Aikens, 168 A.3d 137 (Pa. 2017). Because I disagree with the Majority's conclusion, I would affirm the judgment of sentence for the following reasons.

Our Supreme Court explicitly limited the holding in Magliocco to the ethnic intimidation statute, and expressly stated that it was not "generally

_____

[*] Former Justice specially assigned to the Superior Court.

applicable to other offenses." Commonwealth v. Miller, 35 A.3d 1206, 1213 (Pa. 2012) (discussing, inter alia, the applicability of Magliocco). Yet, despite the limited applicability of Magliocco, the Majority applies it to the case sub judice.

To the extent Magliocco is applicable, I would note that operative language in Section 6301 of the Crimes Code at issue here is different from the operative language in Section 2710 of the Crimes Code at issue in Magliocco.

At the time Magliocco was decided, Section 2710 of the Crimes Code provided that a person is guilty of ethnic intimidation "if, with malicious intention toward the race . . . of another individual or group of individuals, he commits an offense under any other provision of this article or under Chapter 33 … or under section 3503 … or under section 5504 … with respect to such individual … or with respect to one or more members of such a group." 18 Pa.C.S.A. § 2710(a) (emphasis added).

The crime of corruption of minors, at issue here, is defined in the Crimes Code as follow:

> Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S.A. § 6301(a)(1)(ii) (emphasis added). As can be seen, proof of commission of a predicate crime was an element of the crime of ethnic

intimidation in Magliocco. Here, the felony crime of corruption of minors does not require proof of the commission of a predicate crime, but only proof of a course of conduct, i.e., acts that corrupt the morals of a minor.

The Majority finds that the Section 2710 and Section 6301 are similar in that both require proof of the commission of predicate crimes. The Majority states "Kelly makes clear that felony-three COM, like the ethnic intimidation statute discussed in Magliocco, requires that the defendant commit predicate crimes…." Majority Memorandum at 10 (emphasis added). I believe this to be incorrect, as this Court in Kelly held that "any course of conduct" requires proof of more than one act.[1] Kelly, 102 A.3d at 1033. Proof of acts, as opposed to proof of the commission of a predicate crime, to establish the felony-three corruption of minor crime is consistent with how Section 6301 has been construed. See Commonwealth v. Anderson, 550 A.2d 807 (Pa. Super. 1988) (en banc).

In Anderson, we sustained a conviction for corruption of a minor even though the defendant had been acquitted of two counts of indecent assault based upon the same acts underlying the corruption of a minor charge. We reinstated the jury's verdict for corruption of minors stating:

_____

[1] In Kelly, our Court, sitting en banc, merely addressed the question of what constitutes "course of conduct" for purposes of Pa.C.S.A. § 6301. We held that course of "conduct of conduct" requires proof of multiple acts over time in violation of Chapter 31. Kelly, 102 A.3d at 1031.

> Because we find that the convictions resulted from the introduction of sufficient evidence of specific acts by Anderson, and because these underlying acts, and not indecent assault, formed the basis of the corruption of minors charge, we reverse the trial court's order, reinstate the jury verdict and remand for sentencing.

Id. at 807. (Emphasis added). Indeed, we noted with disapproval that

> [i]n its discussion, the trial court refers to "indecent assault" and the underlying alleged "specific acts" interchangeably, implying that they amount to the same thing. The court then proceeds on the assumption that indecent assault is an element of corruption of a minor and so interprets the general jury verdict as presenting a finding that the underlying act was not committed.

Id. at 808.

We explained that:

> It is well settled that "[a]n acquittal cannot be interpreted as a specific finding in relation to some of the evidence." Commonwealth v. Carter, 444 Pa. 405, 408, 282 A.2d 375, 376 (1971) (citation omitted). When a general verdict is rendered, knowledge of the basis of the decision rests only with the jury itself. Therefore, it is impossible, not to mention improper, to draw specific conclusions from a general verdict. Applied to the present case, this principle yields the conclusion that an acquittal on indecent assault cannot be interpreted to mean as a matter of law that there was insufficient evidence to establish that the underlying acts in fact occurred.

Id. at 809.

Further, we noted that:

> the information did not allege the crime of indecent assault as the basis of the corruption of minors charge. Rather, the information specifically based the corruption of minors charge upon the acts of cunnilingus. Although the jury returned a verdict of not guilty of indecent assault by committing the acts of cunnilingus, we

- 4 -

cannot determine if the jury decided that the acts of cunnilingus did not occur, or if the acts of cunnilingus occurred but the victims consented to them, or if the jury was simply exercising leniency. We cannot determine why the jury returned a verdict of not guilty, and therefore cannot say as a matter of law that the jury believed that the acts of cunnilingus did not occur.

Id. (emphasis added).

Here, similar to Anderson, the information did not allege rape, sexual assault, aggravated indecent assault, or indecent assault as the basis for the corruption of minors charge. Rather, the information based the corruption of minors charge on the act of engaging in sexual intercourse with a 17 year-old victim. Although the jury returned a verdict of not guilty on the charges of rape, sexual assault, aggravated indecent assault, and indecent assault, it is impossible to determine whether the jury decided that the act of sexual intercourse did not occur, or that other elements of the other crimes charged were not proven to the jury's satisfaction, or whether the jury was simply exercising leniency. In light of Anderson, I would reject Appellant's sufficiency of the evidence challenge.

Moreover, as in Aikens, the trial court here specifically instructed the jury that, to find Appellant guilty of corruption of minors, it was required to find that Appellant corrupted or tended to corrupt the morals of a minor while engaged in a course of conduct in violation of Chapter 31 relating to the other sexual offenses being rape, sexual assault, and indecent assault. See N.T. Trial, 4/12/16-4/13/16, at 147. Because the jury found Appellant was guilty of corruption of minors, the conviction for corruption of minors must stand

even if the jury ultimately found Appellant did not commit any of the underlying Chapter 31 offenses. Thus, in my view, the Commonwealth presented sufficient evidence to support Appellant's conviction of corruption of minors. While the verdicts rendered here are inconsistent, inconsistent verdicts are lawful. See, e.g., Commonwealth v. Talbert, 129 A.3d 536, 545 (Pa. Super. 2015). Accordingly, I would affirm the judgment of sentence.