J-S11027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL CARL SCHOONOVER | : | |
| | : | |
| Appellant | : | No. 1074 WDA 2020 |

Appeal from the Judgment of Sentence Entered August 27, 2020,
in the Court of Common Pleas of McKean County,
Criminal Division at No(s): CP-42-CR-0000161-2019.

BEFORE: STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: JULY 28, 2021**

Michael Carl Schoonover appeals from the judgment of sentence imposed following his conviction for simple assault. Upon review, we affirm.

This case arises from the following facts. On March 13, 2019, Schoonover was at a convenience store, fighting with his girlfriend. Allegedly, she hit him, and he threw her cell phone through the store. Schoonover was also very upset because the store clerk refused to cash his winning lottery ticket. The clerk asked him to leave and not return until a manager was present. At first he refused, but eventually left, intentionally knocking over two trash cans in the parking lot.

Schoonover returned later that same day; he was still angry. The clerk again told him to leave, but Schoonover refused and demanded that the clerk

---

[*] Retired Senior Judge assigned to the Superior Court.

cash his ticket. He yelled obscenities and called the clerk derogatory names. The clerk called the police.

When the police arrived, Officer Kolin Strawcutter asked Schoonover to leave the store, but he refused. Officer Strawcutter then put his hand on Schoonover's arm to escort him out, and Schoonover said "don't f---ing touch me." Schoonover resisted and pushed back when the officers tried to get him out of the store. The police pushed Schoonover against the wall, and Schoonover and Officer Strawcutter fell to the floor. Schoonover then reached up and grabbed Officer Strawcutter's neck, squeezed, and pulled him down. Schoonover then hit Officer Strawcutter above his left eyebrow. Officer Strawcutter's head was cut, turned red, and swelled. Officer Strawcutter had to punch Schoonover to break the hold Schoonover had on him. During his arrest, the police continued to struggle with Schoonover while trying to handcuff him, and, ultimately, had to taze him. Schoonover was charged with multiple offenses.

Following a jury trial, Schoonover was convicted of simple assault, resisting arrest, and disorderly conduct.[1] He was found not guilty of aggravated assault of a police officer.[2] The trial court sentenced Schoonover to 7 to 14 months of incarceration plus a period of probation. He filed a post-sentence motion, which the trial court denied.

---

[1] 18 Pa.C.S.A. §§ 2701(a)(1), 5104, and 5503(a)(4).

[2] 18 Pa.C.S.A. § 2702(a)(3).

Schoonover filed this timely appeal. The trial court and Schoonover complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal Schoonover, raises the following single issue for our review:

Whether the [trial] court erred in finding that the evidence presented at trial was sufficient to establish [Schoonover's] guilt beyond a reasonable doubt as to [simple assault], where the jury's not guilty verdict as to [aggravated assault] precluded several grounds for finding [Schoonover] guilty and the remaining ground was not supported by sufficient evidence.

Schoonover's Brief at 2-3.

Schoonover challenges the sufficiency of the evidence to sustain his conviction for simple assault. In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. . . . It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. . . . [A]s an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the factfinder.

***Commonwealth v. Palmer***, 192 A.3d 85, 89 (Pa. Super. 2018) (citation omitted), *appeal denied*, 204 A.3d 924 (Pa. 2019).

To establish simple assault, the Commonwealth must show that a defendant "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S.A. § 2701(a)(1). "Bodily injury" is

defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301. The Commonwealth need not establish that the victim actually suffered bodily injury; rather, it is sufficient if the Commonwealth establishes an attempt to inflict bodily injury. This intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury. *Commonwealth v. Polston*, 616 A.2d 669, 679 (Pa. Super. 1992), *alloc. denied,* 626 A.2d 1157 (1993). Similarly, to establish aggravated assault against a law enforcement officer, the Commonwealth must show that a defendant attempted to cause or intentionally or knowingly caused bodily injury to an officer while in the performance of duty. 18 Pa.C.S.A. § 2702(a)(3).

On appeal, Schoonover specifically claims that because the jury did not convict him of aggravated assault of a police officer, it could not have found him guilty of simple assault. The jury acquitted him of aggravated assault against a police officer. Consequently, according to Schoonover, the only basis upon which the jury could convict Schoonover of simple assault was that he recklessly caused bodily injury to Officer Strawcutter. Schoonover's Brief at 11-12. However, Schoonover claims that the evidence was insufficient to demonstrate that Schoonover actually caused bodily injury to Officer Strawcutter, and therefore claims his conviction for simple assault cannot stand. *Id.* at 12.

Essentially, Schoonover claims that the jury rendered inconsistent verdicts. We find this claim meritless.

- 4 -

As we have explained:

[I]nconsistent verdicts, while often perplexing, are not considered mistakes and do not constitute a basis for reversal. Consistency in verdicts in criminal cases is not necessary. When an acquittal on one count in an indictment is inconsistent with a conviction on a second count, the court looks upon the acquittal as no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity. . . . The rule that inconsistent verdicts do not constitute reversible error applies even where the acquitted offense is a lesser included offense of the charge for which a defendant is found guilty.

**Commonwealth v. Barnes**, 167 A.3d 110, 120 (Pa. Super. 2017) (*en banc*) (quotations omitted). The rationale for "'allowing inconsistent verdicts is that it is the jury's sole prerogative to decide on which counts to convict in order to provide a defendant with sufficient punishment.'" **Commonwealth v. Frisbie**, 889 A.2d 1271, 1273 (Pa. Super. 2005). Our Supreme Court has stated:

The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt . . . . That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters.

**Commonwealth. v. Carter**, 282 A.2d 375, 377 (Pa. 1971) (citations and quotations omitted).

Furthermore, "an acquittal cannot be interpreted as a specific finding in relation to some of the evidence." **Carter,** 282 A.2d at 376. Pennsylvania's jurisprudence has "long recognized and supported the notion that acquittals

- 5 -

are not tantamount to factual findings and therefore do not render inconsistent verdicts improper so long as there is sufficient evidence presented by the Commonwealth at trial to support the guilty verdict." *Id.* (quotations omitted). "[I]nconsistent verdicts . . . are allowed to stand so long as the evidence is sufficient to support the conviction" notwithstanding the defendant's acquittal on an accompanying charge. *See Commonwealth v. Miller*, 35 A.3d 1206, 1208 (Pa. 2012). Thus, "this Court will not disturb guilty verdicts on the basis of apparent inconsistencies as long as there is [sufficient] evidence to support the verdict." *Barnes*, 167 A.3d at 120.

Given the foregoing, we observe that the jury in this case could have found that Schoonover attempted to cause bodily injury to Officer Strawcutter, but only wanted to find him guilty of the lesser graded offense of simple assault, a misdemeanor, rather than aggravated assault, a felony. Furthermore, the jury's not guilty verdict for aggravated assault of a police officer did not constitute specific findings of the evidence, and therefore does not affect the sufficiency analysis of Schoonover's simple assault conviction. Consequently, contrary to Schoonover's argument, the jury was not precluded from concluding that Schoonover attempted to cause bodily injury for purposes of convicting him of simple assault as long as sufficient evidence was presented on that charge. Therefore, we must only consider whether there was sufficient evidence to support Schoonover's conviction for simple assault.

Again, to establish simple assault, the Commonwealth had to show that Schoonover attempted to cause or intentionally, knowingly or recklessly caused bodily injury to Officer Strawcutter. **See** 18 Pa.C.S.A. § 2701(a)(1). The trial court noted, "[t]he Commonwealth need not establish that the victim actually suffered bodily injury; rather, it is sufficient to support a conviction if the Commonwealth establish[ed] an attempt to inflict bodily injury." Trial Court Opinion, 11/17/20, at 11. Whether Schoonover actually caused bodily injury to Officer Strawcutter is irrelevant.

Here, the evidence showed that, at the time of the incident, Schoonover was angry. He was verbally assaultive and physically aggressive even before the police arrived. When the officers arrived and told Schoonover to leave the store, he refused. Schoonover forcefully pushed Officer Strawcutter back as he tried to escort Schoonover out of the store. A scuffle ensued, and Schoonover and Officer Strawcutter fell to the floor. Schoonover grabbed Officer Strawcutter and held onto him with force. Schoonover then hit Officer Strawcutter in the head. Officer Strawcutter had to use force to free himself from Schoonover. Based upon our review of the record, and viewing this evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that there was sufficient evidence to convict Schoonover of simple assault.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2021