J-A21045-25

2025 PA Super 238

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                               :           PENNSYLVANIA
                               :
           v.                     :
                               :
                               :
ELIEZAR LAZU CARRASQUILLO      :
                               :
          Appellant         :    No. 1844 MDA 2024

Appeal from the Judgment of Sentence Entered March 29, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0003522-2020

BEFORE:  PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:             **FILED: OCTOBER 21, 2025**

Appellant appeals from the March 29, 2022, judgment of sentence entered in the Court of Common Pleas of Berks County following conviction by jury of two counts aggravated assault and two counts aggravated assault with a deadly weapon. After careful review, we affirm.

The trial court set forth the relevant factual and procedural history as follows:

> [Appellant], represented by Catherine J. Nadirov, Esquire [("Trial Counsel")], appeared for trial before the undersigned and a jury on February 15, 2022[, c]harged with thirteen counts including first degree murder, third degree murder, aggravated assault, aggravated assault with a deadly weapon, and related conspiracy charges for the killing of Brock Neely and injury to Jordan Almodovar on June 11, 2014.
>
> The Commonwealth presented evidence at trial that Neely died of gunshot wounds to his lower back and right hip on June 11, 2014,

---

[*] Former Justice specially assigned to the Superior Court.

around 11th & Chestnut Streets in the City of Reading. Neely and Almodovar were found still alive by officers in that area at approximately 3:00 AM. Neely later succumbed to his injuries, but Almodovar[,] who suffered a gunshot wound to his right thigh, survived. Also present at the shooting was Gilbert Concepcion, who testified at trial that the [Appellant], Eliezer Carrasquillo[,] was armed with a gun in his right-side waistband when a group of men, including Neely, Almodovar, and [Appellant], and his brother, Xavier Carrasquillo, arrived at 11th & Chestnut Streets for a fight between Xavier Carrasquillo and a man known as "Papa."

In addition to cross examination of the Commonwealth's witnesses, [Appellant] testified. On the night of the shooting [Appellant] testified that he suggested the location for a confrontation with Neely after his brother "had been disrespected" by Neely at a bar earlier that evening. When Xavier Carrasquillo said, "they got a gun" [Appellant] testified that he pulled out his handgun and fired two rounds at the ground and then ten more towards Neely and Almodovar.

At the same time, another man started firing from the opposite side of the street, close to the alley, at the fleeing Almodovar and Neely. After the shooting, [Appellant], his brother, and the second shooter ran up the alley together, according to testimony by Mr. Concepcion. Officer Craig Hawley testified that approximately ten Winchester .45 caliber bullets were recovered from the side of the alley where [Appellant] stood to fire and approximately fifteen rounds were recovered from the location of the second shooter across the street. No firearms were recovered at the scene.

On February 22, 2022, following the trial, the jury convicted Appellant of two counts of aggravated assault and two counts of aggravated assault with a deadly weapon. On March 29, 2022, this Court sentenced Appellant to an aggregate term of 99 to 210 months of imprisonment. Appellant appealed his judgment of sentence on March 29, 2022. By opinion dated April 13, 2022, the Superior Court affirmed judgment of sentence.

On September 13, 2023, Appellant filed a Petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Appellant's Petition alleged the ineffective assistance of Trial Counsel in failing to properly raise a challenge to the weight of the evidence such that it could not be addressed in his original direct appeal. After appointing Lara Hoffert, Esquire ("PCRA Counsel") to

represent Appellant in the PCRA proceedings, and an Amended Petition having been filed, this Court granted relief and reinstated Appellant's post- sentence, and appellate rights limited to his ability to raise the issue of a challenge to the weight of the evidence. Appellant, through PCRA Counsel, filed post-sentence motions challenging the weight of the evidence. After holding a hearing, this Court denied Appellant's post-sentence motion on November 18, 2024.

Appellant filed a Notice of Appeal with the Superior Court on December 17, 2024.

Trial Court Opinion, 2/18/25, at 1-2 (citations and footnotes omitted).

Appellant presents the following issues for our review:

A. Whether the Trial Court erred in denying Appellant's Post-Sentence Motion challenging the weight of the evidence where it is clear from the record that the verdicts were contrary to the evidence, shocking to one's sense of justice, and illogical to the point of absurdity where the jury found Appellant guilty of aggravated assault as to both victims - Brock Neely and Jordan Almodovar – but acquitted him of any charge relating to Neely's death, confirming that there was no cause for Neely's death directly attributable to Appellant, to and including the alleged action(s) underlying the charges of aggravated assault?

(Lower court answer in the negative.)
(Suggested answer in the affirmative.)

B. Whether the Trial Court erred in denying Appellant's Post-Sentence motion challenging the weight of the evidence where it is clear from the record that the verdicts issued were rendered unreliable, tainted, questionable, and contrary to the weight of the evidence by the trial testimony of Commonwealth witness, Gilbert Concepcion, where his testimony was replete with inconsistencies, admitted lies, half-truths, contrary to his original statements to law enforcement, and made with the hope of consideration for his outstanding federal indictment, so as to render the entirety of his testimony incredible?

(Lower court answer in the negative.)
(Suggested answer in the affirmative.)

C. Whether the Trial Court erred in denying Appellant's Post-Sentence Motion challenging the weight of the evidence where it is clear from the record that the verdicts issued were rendered unreliable, tainted, questionable, and contrary to the weight of the evidence by the trial testimony of Commonwealth witness, Jessica Hudson, where her testimony was replete with inconsistencies, lies, half-truths, directly contrary to other testimony received, and complete uncorroborated by presented video evidence, so as to render the entirety of her testimony incredible?

(Lower court answer in the negative.)
(Suggested answer in the affirmative.)

D. Whether the Trial Court erred in denying Appellant's Post-Sentence Motion challenging the weight of the evidence where it is clear from the record that the verdict issued was rendered unreliable, tainted, questionable, and contrary to the weight of the evidence by the trial testimony of Commonwealth witness, Curtis Peterson, where he had a *crimen falsi* record, his testimony largely consisted of admitted lies and fabrications allegedly obtained during prison discussions, his testimony was contrary to the physical evidence presented at trial, and his testimony was made with the hope of consideration from the Commonwealth for his outstanding criminal charges, so as to render the entirety of his testimony incredible?

(Lower court answer in the negative.)
(Suggested answer in the affirmative.)

Appellant's Brief at 4-5.

When addressing challenges to the weight of the evidence, we observe the following well-established standard of review:

[A]n appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Shaffer***, 40 A.3d 1250, 1253 (Pa.Super. 2012) (citation omitted).

Additionally, "the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Commonwealth v. Andrulewicz*, 2006 PA Super 309, 911 A.2d 162, 165 (Pa.Super. 2006) (citation omitted), appeal denied, 592 Pa. 778, 926 A.2d 972 (Pa. 2007).

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained[:] [t]he term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citations and emphasis omitted).

Further, we have previously observed that:

[I]nconsistent verdicts, [] under longstanding federal and state law, are allowed to stand *so long as the evidence is sufficient to*

- 5 -

*support the conviction*. **See Dunn v. United States**, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356 (1932) (holding that "[c]onsistency in the verdict is not necessary" and refusing to allow inconsistent verdicts to be upset by "speculation or inquiry" into the possibility of compromise or mistake on the part of the jury); **United States v. Powell**, 469 U.S. 57, 58, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984) (applying **Dunn**'s rule, which the Court explained as follows: "*a criminal defendant convicted by a jury on one count could not attack that conviction because it was inconsistent with the jury's verdict of acquittal on another count*"). In affirming a verdict of aggravated assault and battery, despite the jury's acquittal of the accused on a separate count of assault and battery, this Court reiterated that "[*a*]*n acquittal cannot be interpreted as a specific finding in relation to some of the evidence.*" **Commonwealth v. Carter**, 444 Pa. 405, 282 A.2d 375, 376 (1971) (citation omitted). Rather, an acquittal of a charge for which there was sufficient evidence for conviction is an occasion of a "jury's assumption of a power which [it] had no right to exercise, but to which [it was] disposed through lenity." **Id**. (citation omitted).

**Commonwealth v. Miller**, 613 Pa. 584, 35 A.3d 1206, 1208-09 (Pa. 2012)(emphasis added).

Here, Appellant's first issue presents a challenge based upon inconsistent verdicts framed as a challenge to the weight of the evidence. However, as we have noted, inconsistent verdicts are permissible so long as the evidence is *sufficient* to support the conviction, while "[a] weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict." **Commonwealth v. Lyons**, 622 Pa. 91, 79 A.3d 1053, 1067 (Pa. 2013). Thus, Appellant's argument as presented is incoherent. While we have previously interpreted such claims as challenges to the sufficiency of the evidence in order to allow for thorough appellate review, the sufficiency of the

Commonwealth's evidence in the case *sub judice* has already been reviewed and affirmed by this Court in Appellant's prior direct appeal. ***See Commonwealth v. Bellon***, 315 A.3d 91 (Pa. Super. 2024)("Though phrased as a challenge to the weight of the evidence, the question before us implicates the general issue of inconsistent verdicts which are permissible so long as the evidence is sufficient to support the conviction. Accordingly, we review Appellant's claim as a challenge to the sufficiency of the evidence")(internal quotation and citation omitted); ***Commonwealth v. Carrasquillo***, 297 A.3d 719 (Pa. Super. 2023)(*holding* the evidence adduced by the Commonwealth "was sufficient to support the aggravated assault and aggravated assault with a deadly weapon convictions, as Carrasquillo attempted to cause serious bodily injury to the victims and did so while he possessed a deadly weapon"). Thus, we will not proceed to re-assess the sufficiency of the

evidence; we hold that Appellant's claim regarding the inconsistency of the verdicts merits no relief.[1]

Appellant's remaining claims are each predicated on the alleged incredibility of various Commonwealth witnesses. As outlined above, we do not consider the underlying question of whether the verdict is against the weight of the evidence but rather we review the decision of the trial court for palpable abuse of discretion in ruling on that claim. **Shaffer, supra**. After careful review, we find well-supported the trial court's observation that "it is clear from the record that the complained of issues that Appellant raises were presented in the testimony at trial and the jury had the opportunity to hear about the witnesses' criminal histories, noted contradictions, and the inconsistencies in testimony and any earlier statements, against the backdrop of the visual and video evidence presented." Trial Court Opinion 2/18/25, at 9, 10. We thus

---

[1] To the extent Appellant argues that he is entitled to relief pursuant to **Commonwealth v. Magliocco**, 883 A.2d 479 (Pa. 2005), his argument fails. In **Magliocco**, the Supreme Court of Pennsylvania affirmed this Court's vacatur of Magliocco's conviction for ethnic intimidation on the basis that the jury acquitted Magliocco of terroristic threats. However, vital to this ruling is the fact that the commission of the offense of terroristic threats is an element of the offense of ethnic intimidation. Such is not the case here, where Appellant was convicted of aggravated assault and aggravated assault with a deadly weapon, but not acquitted of any offenses the commission of which are necessary elements of the crimes of which he was convicted. Said plainly, murder is not an element of aggravated assault, and as such reliance on **Magliocco** is entirely inapposite.

discern no abuse of discretion in the trial court's decision to leave undisturbed the verdicts of the jury.

For all the foregoing reasons, we find that Appellant has failed to raise any claims meriting relief, and as such we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/21/2025