J-S38004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONNEL L. COLE, II | : | |
| | : | |
| Appellant | : | No. 3250 EDA 2024 |

Appeal from the PCRA Order Entered November 20, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000889-2017

BEFORE: McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.: **FILED FEBRUARY 02, 2026**

Donnel L. Cole, II, appeals from the order dismissing his Post Conviction
Relief Act petition. 42 Pa.C.S.A. §§ 9541-9546. He argues his trial counsel was
ineffective. We affirm.

The trial court set forth the following factual history:

> On October 22, 2016, the Complainant, [A.S.], returned
> home to her mother's house in Southwest Philadelphia
> around 10 a.m. after spending the night at her boyfriend's
> house. The Complainant was 16 years old and in the 10th
> grade at South Philadelphia High School. The Complainant
> was in a rush that morning because she was late for work
> at the Wendy's at 2301 Cottman Avenue in Northeast
> Philadelphia. While the Complainant was getting ready for
> work, [Cole] arrived at the house with his 4 year old
> daughter, . . . . The Complainant's mother, [E.A.-W.], and
> [Cole] were in a relationship at the time. [Cole] went to the
> house to have [E.A.-W.] watch his daughter while he
> attended nursing classes at Prism Career Institute. When
> the Complainant told her mother that she was in a rush to
> get to the trolley, [Cole] offered a ride since he was going
> that way.

The Complainant got in the car with [Cole], and he began driving. However, [Cole] stopped the car a short distance down the block. [Cole] then told the Complainant that he had gotten into a fight with her mother, that he didn't want to be with her, that he didn't find her attractive, and that he could never be with someone so heavy. [Cole] further stated that he found the Complainant attractive and wanted to be with her. [Cole] continued to drive while talking about her mother. The Complainant responded that she was having trouble with her boyfriend, who had gotten on her nerves the night before. [Cole] subsequently asked "what type of stuff" the Complainant did with her boyfriend. His inquiry made her uncomfortable. [Cole] told the Complainant that she deserved better because her boyfriend was ugly but she was "beautiful." As he continued to drive, [Cole] removed items (name tag, hat, etc.) from the Complainant's lap and put them in the backseat.

After removing the items, [Cole] began to touch and rub the Complainant's leg. When [Cole] noticed that there was a hole in the crotch area of the Complainant's pants, he said "even better," and began touching her vagina over the tights she was wearing underneath her pants. Afraid, the Complainant told [Cole] "no!" The Complainant further told [Cole] that he shouldn't be touching her because she was sixteen, and he was in a relationship with her mother. However, [Cole] continued to touch her with his right hand and offered her $3,000 dollars. He then put his hand down the Complainant's pants and touched the skin at the top of her pubic area. Although she tried to remove his hand, [Cole] put his hand back on the area. The Complainant next texted her boyfriend about what was transpiring because she feared for her safety.

[Cole] briefly stopped at the Prism Institute to sign in for a class before returning to the car minutes later to continue driving. He asked the Complainant if they could hang out a little bit longer and have sex, but she said that her manager had called informing her that she needed to be at work. However, he continued to ask her for sex. After [Cole] dropped the Complainant off at her job, she walked inside and cried. When her manager asked what was wrong, she explained what had happened. The manager then called the police.

PCRA Ct. Op., Jan. 27, 2025, at 3-4 (citations to record omitted).

Prior to trial, Cole filed a motion *in limine* to admit evidence of Complainant's prior sexual conduct. He contended the evidence was relevant to his defense to the corruption of minors charge. Motion *in Limine* to Admit Certain Evidence, filed Feb. 1, 2019, at ¶¶ 5, 7. Cole argued that "if she has already had sex and the allegation is that talking about sex and touching corrupts morals, the jury should be able to determine [whether] talking about sex and touching corrupt the morals of someone who has already had a consensual sexual relationship." N.T., 2/5/2019, at 23. He contended that the jury could find "that this behavior was consensual" and he should therefore be able to cross-examine the victim "about her prior consensual sexual relationship" without "trying to smear her or make her seem not chaste[.]" **Id.** The court denied the motion.

Following trial, the jury convicted Cole of unlawful contact with minors, corruption of minors, and indecent assault by threat of forcible compulsion.[1] The jury found him not guilty of indecent assault without consent.[2] The trial court sentenced Cole to 11½ to 23 months' incarceration with immediate parole to house arrest and 5 years' probation.

Cole filed a post-sentence motion, arguing the verdicts were inconsistent. The trial court denied the motion by operation of law. Cole

---

[1] 18 Pa.C.S.A. §§ 6318(a)(1), 6301(a)(1)(i), and 3126(a)(3), respectively.

[2] 18 Pa.C.S.A. § 3126(a)(1).

appealed, challenging the trial court's answer to a jury question. This Court affirmed. The Pennsylvania Supreme Court denied Cole's petition for allowance of appeal.

In November 2022, Cole file a timely PCRA petition, which counsel amended in October 2023. The amended petition asserted that direct appeal counsel was ineffective for not arguing that the trial court had improperly denied the post-sentence motion that argued the verdict was contrary to law. Cole also maintained that appellate counsel should have argued that the court should have granted the Rape Shield Law motion. In his view, evidence of the victim's prior consensual sex with her boyfriend was relevant to his defense to corruption of minors as a "means to attack her credibility or show bias on the [sic] her part." Mem. of Law in Support of Amended Pet. Under Post-Conviction Relief Act at 14. He did not explain the way in which he believed such evidence was relevant to her credibility. He also claimed that trial counsel was ineffective for not making a post-sentence motion challenging the weight of the evidence.

The court issued notice of its intent to dismiss the petition without a hearing. After receiving no response from Cole, in November 2024,[3] it dismissed the petition. Cole filed a timely appeal.

Cole raises the following issues:

_____

[3] Due to an administrative error, the order was not docketed until December 18, 2024. Trial Ct. Op., Jan. 27, 2025, at 2 n.6.

- 4 -

Whether appell[ate] counsel was ineffective in representing [Cole] for failing to appeal the denial of the post[-]sentence motion that the verdict was contrary to the law.

Whether appell[ate] counsel was ineffective in representing [Cole] for failing to appeal the denial[] of the pretrial motion regarding the [R]ape [S]hield [L]aw.

Whether trial counsel was ineffective for failing to file a post[-]sentence motion that the verdict was against the weight of the evidence.

Whether the PCRA court was in error in failing to conduct an evidentiary hearing.

Cole's Br. at 7 (trial court answers and capitalization omitted).

Cole's first three issues claim the PCRA court erred in denying his ineffectiveness claims. Our standard of review of an order denying PCRA relief is limited to determining "whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." *Commonwealth v. Hart*, 199 A.3d 475, 481 (Pa.Super. 2018) (citation omitted).

To prevail on an ineffective assistance of counsel claim, the petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Ousley*, 21 A.3d 1238, 1244 (Pa.Super. 2011) (quoting *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super. 2010)). "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." *Id.* (quoting *Rivera*, 10 A.3d at 1279).

- 5 -

In his first issue, Cole argues appellate counsel was ineffective for not challenging the denial of the post-sentence motion that argued the verdict was contrary to the law. He maintains the "verdicts were not only inconsistent, but wholly irreconcilable." Cole's Br. at 15. He points out that his defense to the indecent assault by forcible compulsion charge was consent, and argues that "[t]he not guilty verdict on the charge of [i]ndecent [a]ssault without consent is evidence that the Commonwealth failed to adequately prove, beyond a reasonable doubt, that consent was lacking." *Id.* He argues the "importance of this is that if the Commonwealth could not adequately prove lack of consent, they could not have proven that an unlawful act - indecent assault - was ever contemplated or attempted." *Id.* He cites **Commonwealth v. Banniger**, 303 A.3d 1085, 1093 (Pa.Super. 2023), where this Court stated "[w]hile effective consent to sexual intercourse will negate a finding of forcible compulsion, forcible compulsion is something more than mere lack of consent." Cole's Br. at 16 (quoting **Banniger**, 303 A.3d at 1093). He concludes that the "verdict was contrary to law because [Cole] was able to provide a defense that negates the charge in its entirety." *Id.*

"[U]nder longstanding federal and state law, [inconsistent verdicts] are allowed to stand so long as the evidence is sufficient to support the conviction." **Commonwealth v. Miller**, 35 A.3d 1206, 1208 (Pa. 2012). As the Pennsylvania Supreme Court stated, "[A]n acquittal cannot be interpreted as a specific finding in relation to some of the evidence." *Id.* at 1209 (quoting **Commonwealth v. Carter**, 282 A.2d 375, 376 (Pa. 1971)). The Court

- 6 -

explained that "an acquittal of a charge for which there was sufficient evidence for conviction is an occasion of a 'jury's assumption of a power which [it] had no right to exercise, but to which [it was] disposed through lenity.'" ***Id.*** (citation omitted) (alterations in original).

Here, the trial court concluded the underlying claim—the verdict was contrary to the law because it was inconsistent—lacked merit:

> In his Post-Sentence Motion, [Cole] argued that the verdict was contrary to law because the jury found him not guilty of Indecent Assault without Consent but found him guilty of Indecent Assault by Threat of Forcible Compulsion. [Cole] asserted that these verdicts were inconsistent and therefore illegal because the latter (forcible compulsion) required the Commonwealth to prove that the Complainant did not consent to the contact. Since the jury found him not guilty of the former charge (without consent), [Cole] claimed that the jury did not find that the Commonwealth proved that the Complainant did not consent. However, inconsistent verdicts are not *per se* "contrary to law." Rather, the Superior Court has ruled that "consistency in a jury's verdicts in a criminal case is unnecessary." ***Commonwealth v. Horton***, 644 A.2d 181, 184 (Pa.Super. 1994) ("inconsistency in verdicts affords an accused no cause for relief, even though it may be difficult to reconcile the verdicts."). Consequently, this claim is meritless, and appellate counsel was not ineffective for failing to raise it on appeal. Therefore, the [c]ourt did not err when it dismissed [Cole's] Petition on this basis.

PCRA Ct. Op. at 5-6.

The record supports the PCRA court's findings and it did not err in finding counsel was not ineffective for failing to appeal the denial of the post-sentence

motion based on inconsistent verdicts. **See Miller**, 35 A.3d at 1208. This claim lacks merit.[4]

In his second issue, Cole maintains that direct appeal counsel was ineffective for not challenging the denial of the pretrial motion seeking to pierce the Rape Shield Law. He claims he "moved to cross[-examine] the complainant regarding the fact that she had prior consensual sex with her boyfriend in order to assist the jury in determining the credibility of the witness." Cole's Br. at 16. He claims counsel "stated that this would not be used to smear the witness or to make her seem not chaste." **Id.** (quoting N.T. at 23). He argues the probative value of the evidence outweighed the prejudicial effect, and claims counsel had no other way to attack the victim's credibility. However, he does not state how the evidence was relevant to her credibility.

Under the Rape Shield Law, evidence of an alleged victim's past sexual conduct is inadmissible in prosecutions of sexual offenses. 18 Pa.C.S.A. § 3104(a). The Rape Shield Law was enacted to "prevent a trial from shifting its focus from the culpability of the accused toward the virtue and chastity of the

---

[4] Cole does not challenge the sufficiency of the evidence to support his conviction for indecent assault–forcible compulsion. Rather, he argues that verdict cannot stand because it is inconsistent with the jury's not-guilty verdict on the indecent assault–lack of consent charge. Regardless, we conclude that the victim's testimony sufficiently supported the finding that she did not consent. **See Commonwealth v. Johnson**, 180 A.3d 474, 481 (Pa.Super. 2018) (holding "the uncorroborated testimony of a single witness is sufficient to sustain a conviction for a criminal offense, so long as that testimony can address and, in fact, addresses, every element of the charged crime").

victim . . . [and] to exclude irrelevant and abusive inquiries regarding prior sexual conduct of sexual assault complainants." ***Commonwealth v. K.S.F.***, 102 A.3d 480, 484 (Pa.Super. 2014) (citation omitted) (alteration in original). The statute generally precludes evidence of the alleged victim's past sexual conduct, including specific instances, opinion evidence, and reputation evidence. 18 Pa.C.S.A. § 3104(a). However, the Rape Shield Law "does not act to prohibit relevant evidence which may exculpate a defendant of the crime with which he is charged." ***Commonwealth v. Spiewak***, 617 A.2d 696, 699 (Pa. 1992).

We have found that "[p]rior sexual conduct with third persons is ordinarily inadmissible to attack the character of the prosecutrix in sex offense cases." ***Commonwealth v. Jerdon***, 229 A.3d 278, 285 (Pa.Super. 2019) (citation omitted). However, the evidence may be admissible where "the evidence of prior sexual conduct was not offered merely to show any general moral turpitude or defect of the prosecutrix, but rather to reveal a specific bias against and hostility toward appellant and a motive to seek retribution by, perhaps, false accusation." ***Id.*** (citation omitted).

The trial court concluded Cole's ineffective assistance of counsel claim failed because the underlying challenge to the denial of his motion *in limine* lacked merit. It pointed out that Cole "sought to admit evidence of the Complainant having had sex with her boyfriend prior to the alleged assault," but that Cole did not allege "that he sought to use this evidence to demonstrate bias or hostility towards him, nor to exculpate himself by showing

- 9 -

either that he did not make contact with the Complainant's vagina or that the Complainant consented to the contact." PCRA Ct. Op. at 6-7. The court further stated that:

> On the contrary, [Cole] argued that the purpose of the evidence was to demonstrate that he could not be guilty of "corrupting the morals" of the minor Complainant because her morals had already been corrupted by having sex with her boyfriend. However, as stated previously, [c]ourts have explicitly barred such evidence from being used to attack the Complainant's "moral turpitude." Therefore, the evidence was properly excluded and any appeal on this basis would have been meritless. Consequently, appellate counsel was not ineffective, and the [c]ourt did not err when it dismissed [Cole's] Petition on that basis.

*Id.* at 7.

The record supports the court's findings and it did not commit an error of law. Cole's PCRA petition argued that appellate counsel should have challenged the denial of the Rape Shield Law motion on the ground that evidence of the victim's prior sexual conduct was relevant to her credibility. However, trial counsel did not make such an argument. Instead, he argued that the evidence was relevant to rebut any claim that the victim's morals had been corrupted. Cole's PCRA petition did not make a layered claim that trial counsel was ineffective for failing to make the credibility argument. As a result, there is no basis on which to find appellate counsel was ineffective for not raising the credibility claim, which trial counsel never made.

Moreover, even if Cole had made such a layered claim, it would fail because he has never explained the way in which he believes the victim's prior

sex conduct would have been relevant to her credibility. Furthermore, if the PCRA petition had challenged appellate counsel's failure to make the argument trial counsel did make – that the minor's morals could not have been corrupted – we agree with the PCRA court that that argument lacks arguable merit.

In his third issue, Cole alleges counsel was ineffective for failing to file a post-sentence motion alleging the verdict was against the weight of the evidence. Cole argues he informed counsel he wanted to appeal the judgment of sentence, but counsel did not preserve his weight against the evidence claim in a post-sentence motion or on appeal. He argues that the Complainant testified that she and her boyfriend had just broken up, that she called her boyfriend eight times, "had those call[s] rejected, texted him, [and] broke up with him." Cole's Br. at 17. He claims she testified that "on that same day, [Cole] decided to sexually assault her," even though he had not "wronged her" or made her uncomfortable in the past. *Id.* He claims her testimony was against the weight of the evidence.

To argue on appeal that a verdict is against the weight of the evidence, a criminal defendant must first raise such a claim before the trial court. This Court then reviews the trial court's decision for abuse of discretion. ***Commonwealth v. Martin***, 323 A.3d 807, 823 (Pa.Super. 2024) (per curiam), *appeal denied*, 336 A.3d 248 (Table) (Pa. 2025). When a trial court reviews a challenge to the weight of the evidence, it must determine whether "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny

justice." *Id.* (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 752 (Pa. 2000)). "A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." *Id.* (quoting *Widmer*, 744 A.2d at 752). The trier of fact "is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses[.]" *Commonwealth v. James*, 268 A.3d 461, 468 (Pa.Super. 2021) (citation omitted).

The trial court concluded Cole's trial counsel was not ineffective for failing to raise a weight claim, as the underlying claim lacked merit. Trial Ct. Op. at 7-8. The court reasoned, "[Cole] supported his argument by merely alleging that the Complainant's testimony was untrue and should not have been believed." *Id.* at 7. The court found that the "mere allegation that the Complainant's testimony was not credible does not meet the burden of establishing that the verdict was against the weight of the evidence." *Id.* The court pointed out that "[t]he fact that the jury chose to credit the Complainant's testimony while [Cole] believe[d] her testimony false does not provide grounds for relief." *Id.* at 8. The record supports the trial court's findings and it did not commit an error of law.

In his final claim, Cole argues the PCRA court erred in failing to conduct an evidentiary hearing. He claims the issues raised in his PCRA petition had merit and presented issues of material fact that would affect the outcome of the case. He therefore argues the PCRA court erred in failing to conduct an evidentiary hearing.

We review the denial of a request for an evidentiary hearing for abuse of discretion. ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015). "[T]here is no absolute right to an evidentiary hearing on a PCRA petition[.]" ***Commonwealth v. Maddrey***, 205 A.3d 323, 328 (Pa.Super. 2019) (quoting ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa.Super. 2008)). Rather, "if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Id.*** (quoting ***Jones***, 942 A.2d at 906). Therefore, this Court will reverse a PCRA court's decision to dismiss a petition without a hearing only where the appellant "show[s] that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Id.*** (citation omitted).

The PCRA court did not err in denying Cole's PCRA petition without a hearing. Cole has failed to show there was a genuine issue of material fact as to any of his ineffectiveness claims such that a hearing would be required.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/2/2026

- 13 -